IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHARON MILES | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KENNETH S. NUGENT, P.C. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Sharon Miles ("Plaintiff" or "Miles"), through undersigned counsel, and files this lawsuit against Defendant Kenneth S. Nugent, P.C. ("Defendant" or "Kenneth Nugent P.C."), and for her Complaint shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual

damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   Parties and Facts

5.

From August 2004 to March 2012, Plaintiff was employed by Defendant as a "case manager" working in Defendant's office in Atlanta, Georgia. During this period, Defendant treated Plaintiff as non-exempt from the overtime requirements of the FLSA.

6.

At times during the last three years, while employed by Defendant as a case manager, Plaintiff was paid on an hourly basis and entitled to overtime compensation for hours she worked in excess of (40) in given workweeks.

7.

Defendant is a personal injury law firm and employs numerous case managers to work on personal injury matters under the direction of attorneys.

8.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

At times during the last three years, while employed by Defendant as a case manager, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

10.

During Plaintiff's employment as a case manager, Defendant maintained a policy of requiring case managers, including Plaintiff to work significant hours in excess of 40 in workweeks off the clock to avoid the payment of overtime.

11.

At times in the last three years, Defendant maintained a standing directive that case managers, including Plaintiff, not report more than 37.5 hours of work on their weekly timesheets, despite Defendant having full knowledge that case managers, including Plaintiff, were working overtime hours off the clock on a regular basis.

12.

Defendant's directive that case managers not report the overtime hours they were working was coupled with notification that a failure to follow the directive would result in a reduction to the firm's attorneys' bonus compensation.

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

At times during the last three years, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

14.

At times during the last three years, Defendant has actual or constructive knowledge that Plaintiff was working overtime hours without compensation.

15.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

At times during the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff.

18.

Plaintiff is entitled to overtime pay for the hours she worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

**Count I**

**Violation of the Overtime Wage Requirement of
the Fair Labor Standards Act**

19.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

21.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

22.

Defendant suffered or permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

23.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

25.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

26.

Defendant's violations of the FLSA were willful and in bad faith.

27.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the

unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)    Grant Plaintiff leave to add additional state law claims if necessary; and

(E)    Award Plaintiff such further and additional relief as may be just and appropriate.

This 28th day of January, 2014.

                      **BARRETT & FARAHANY, LLP**

                      /s/ V. Severin Roberts
                      Amanda A. Farahany
                      Georgia Bar No. 646135
                      Benjamin F. Barrett
                      Georgia Bar No. 039586
                      V. Severin Roberts
                      Georgia Bar No. 940504
                      Attorneys for Plaintiff Sharon Miles

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile